UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREAT AMERICAN INSURANCE CO.**                                     **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 03-2793**

**McELWEE BROTHERS, INC., ET AL.**                              **SECTION "K"(2)**

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment on the Issue of Damages (Doc. 197) filed by Great American Insurance Company ("Great American"). This cases arises out of Great American's entering into an "Agreement of Indemnity" ("the 1999 GAI") with Great American which required Great America to issue the requisite bonds as the payment and performance bond surety on a project undertaken by a joint venture, McElwee Brothers, Inc. & Tri-State Design Construction Co., Inc., A Joint Venture ("Joint Venture") for the Army Corps of Engineers ("the Corps") on the Southeast Louisiana Project, Dwyer Road Drainage Pumping Station Improvements Discharge Tubes and Canal, Solicitation No. DACW29-00-B-005 ("the Project). The history of this case has been set forth in detail in the United States Fifth Circuit's opinion affirming this Court's decision granting a preliminary injunction to prevent McElwee Brothers and Melvin M McElwee ,Sr. ("McElwee") and his wife from interfering with Great American's pursuit of certain construction claims to which it was entitled as a result of the indemnitors' default on its obligations under the GAI. The Court herein reiterates and adopts the Fifth Circuit's factual findings as stated in *Great American Ins. Co. v. McElwee Brothers, Inc., et al.*, 106 F3d. Appx. 197, 2004 WL 1345120 (5th Cir. 2004).

After the Fifth Circuit affirmed this Court's ruling, this matter proceeded through discovery and was in a posture for trial. The parties stipulated that the defendants, the Joint Venture, McElwee Brothers, Inc. ("MBI"), McElwee and Davis and Tri-State Design Construction Co., Inc. ("Tri-State") ("Indemnitors" or "Defendants") are liable to Great American for all losses, costs, expenses and attorney fees pursuant to the terms of the GAI. Thus, the sole issue for trial at this time is the amount of damages due Great American as a result of (1) its completion of the bonded work, (2) payments it made under the payment bond, (3) its action against the Corps to recover moneys due Great American under the joint venture's contract with the Corps and (4) attorneys' fees and costs incurred as a result thereof as well as for the prosecution of the instant case. Obviously, any recovery obtained from the Corps as well certain payments made by Tri-State and the $10,000 sanction that this Court assessed against McElwee are all applied against the outlays made by Great American.

Thus, Great American itemizes its damages as follows:

| | |
|---|---|
| Performance Bond Payments: | $2,817,314.97 |
| Payment Bond Payments: | $1,206,425.90 |
| Total Bond Payments: | $4,023,740.87 |
| Attorney's Fees, Costs and Expenses | $   881,515.37 |
| **Total Payments by Great American** | **$4,905,256.24** |
| | |
| Amounts received from the Corps: | $2,817,449.24 |
| Re-Payment Amount from Tri-State: | $   123,904.77 |

| | |
|---|---|
| **Total from the Corps/Tri-State** | **$2,941,354.01** |
| **Balance Owed to Great American** | **$1,963,902.23** |

These contentions are meticulously supported by the Beach affidavit and meticulous accounting reports of the outlays and payments received by Great American.

Thus, Great American filed the instant Motion for Summary Judgment. Great American maintains that there are no material questions of fact at issue and that judgment should be entered except with respect to the amount of attorneys' fees which must be properly determined by the Court. It maintains that defendants must prove bad faith in plaintiff's discharge of its duties under the contract in order to defeat the motion for summary judgment or to prevail at trial.

As legal support for this position, Great American maintains that general agreements of indemnity are to be enforced under the terms of the contract itself. *Commercial Union Ins. Co. v. Melikyan*, 430 So.2d 1217 (La. App. 1st Cir. 1983). In *Commercial Union* an indemnitor argued that La. Civ. Code art. 3037 requires that the surety obligation not exceed what may be due by the debtor nor be contracted under more onerous conditions and that the Surety was bound to satisfactorily prove at trial the amounts of the claims against the indemnitor and whether the claims were within the scope of the bond obligation. The court rejected that argument and stated:

> [Indemnitors] fail to recognize, however, that this is a suit on a contract of indemnity, not on suretyship. The contract of indemnity forms the law between the parties and must be interpreted according to its own terms and conditions. *See Grady v. Alfonso*, 315 So.2d 832 (La. App. 4th Cir. 1975). . . [I]n an indemnity contract, the principal and indemnitors can be bound to the surety in any manner they elect in consideration of the surety issuing the bond covering the principal obligation.

*Id.* at 1221.

In response to this proof, defendants have filed conclusory, self-serving affidavits contending that the outlays made by Great American are too great because it did not use the Joint Venture to complete the project. This allegation is without merit considering Great American's unrefuted representation at oral argument that the Corps specifically would not allow the Joint Venture to complete any of the work. Furthermore, defendants argue that Great American did not prosecute to full advantage the amounts that McElwee contends the Corps owed the Joint Venture; this argument is made without any proof of the actual value of the charges negotiated by Great American other than the McElwee Brothers' own self-serving attestations. There is no proof provided by any independent expert or any other competent or sufficiently specific proof. Furthermore, the fallacy with this argument is that it has been clear from the beginning of this litigation that there was a substantial probability that the Joint Venture, McElwee and his spouse would be financially unable to respond to a significant judgment. As such, Great American's incentive to recover to the full extent possible moneys due from the Corps is evident.

The Court is unpersuaded by defendants' contentions and arguments. In *American Motorist Ins. Co. v. Southcrest Const., Inc.*, 2006 WL 995202 (N.D. Tex. 2006) rendered by Judge Lynn, the Court noted:

> The Indemnity Agreement in this case contains the following clause:
>
>> SURETY'S RIGHTS RE: CLAIMS-Surety shall have the exclusive right to decide and determine whether any claim, liability, suit or judgment made or brought against Surety on any Bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and Surety's decision thereon shall be final and binding upon the Indemnitors.

Pl.App. at 1054. This contractual language vests the Plaintiffs with discretion, untempered by any requirement of good faith, unlike the language found in the contract at issue in *Mountbatten* or *USF & G.* Arguably, Southcrest bargained away any protections provided by the Illinois common law duty of good faith and fair dealing. *See Amwest Sur. Ins. Co. v. Szabo,* 00-C-2716, 2003 U.S. Dist. LEXIS 12715, at *13 (N.D.Ill. July 22, 2003); *USF & G,* 146 Ill.Dec. 848, 558 N.E.2d at 1050; *Mountbatten,* 285 Ill.Dec. 501, 812 N.E.2d at 103-04; *but see Reliance Ins. Co. v. Dipietro Plumbing Corp.,* No. 85 C 6985, 1989 U.S. Dist. LEXIS 3545, at *5-10 (N.D.Ill. Mar.29, 1989) (assuming a duty of good faith, without analysis, when the contractual language vested Surety with "sole discretion" to settle or compromise any claim, but nonetheless granting summary judgment because the defendants had not raised an issue of material fact as to bad faith).

For the sake of discussion, the Court will assume that Plaintiffs are only entitled to indemnity for payments made if the Plaintiffs believed, in good faith, that they might have liability for payments they decided to make. *Cf. Reliance,* 1989 U.S. Dist. LEXIS 3545, at *6.

Here, Defendants have not provided legitimate evidence of bad faith on the part of Plaintiffs. In asserting bad faith, Defendants cite Willis Hogg's conclusory affidavit, which states the following:

> SCC and the bonding company did not act in good faith and provide fair dealing as to Southcrest's construction business. Instead, these companies appropriated Southcrest's ongoing contracts for the benefit of other contractors, despite the fact that we spent a lot of time and money procuring these contracts, and despite the circumstances that existed on specific projects that showed performance was being done, work was being completed on time, and changes were being handled.

Def.App. A at 3. Willis Hogg's affidavit does not provide relevant factual information and thus does not defeat summary judgment in Plaintiffs' favor. The court in *Fidelity and Deposit Co. v. Marian Professional Construction, Inc.* considered a similar affidavit, stating:

> There is nothing wrong with rebutting a summary judgment motion with a party's own affidavit. That affidavit, however, **must set forth specific facts showing that there is a genuine issue for trial. Conclusory allegations, unsupported by specific facts, will not suffice. And here, conclusory allegations, not specific facts, is [sic]**

> **all the defendants have presented to the court. There is simply no evidence to support defendants' allegation that ... [the plaintiff] overpaid on a claim**. That one of the parties says so does not make it so, and certainly does not by itself constitute competent evidence to create a genuine triable issue.

> No. 99-C-6787, 2004 U.S. Dist. LEXIS 14558, at *19 (N.D.Ill. July 28, 2004) (quotations and citations omitted). Through his affidavit, Willis Hogg claims that, despite Southcrest's adequate performance, Plaintiffs appropriated its contracts for the benefit of others. However, Hogg does not state any facts to support such a conclusion, nor does he show how he reached such a conclusion. Affidavits submitted in an attempt to defeat summary judgment must be based on personal knowledge under Federal Rule of Civil Procedure 56(e) and Federal Rule of Evidence 602. *Juarez v. Menard, Inc.,* 366 F.3d 479, 484 n. 4 (7th Cir.2004). Because Willis Hogg's affidavit is conclusory and does not comply with Federal Rule of Civil Procedure 56(e), it does not create a genuine issue of material fact as to whether Plaintiffs acted in bad faith.

*American Motorist Ins. Co. v. Southcrest Const., Inc.* 2006 WL 995202, *5 -6 (N.D.Tex.2006) (emphasis added). That court also noted that even if the Hogg's affidavit were considered, the contractual language gave plaintiffs the exclusive right to decide to pay any claim. Finding that plaintiffs proved their payments and defendants did not prove bad faith on the part of plaintiffs, that court found that there was no genuine issue of material fact and granted summary judgment.

This Court finds *American Motorist* analogous to the instant motion. The terms of the contract at issue provide as follows:

**Indemnity–Paragraph 2**

> [**Indemnitors are to be liable for**]. . . any and all liability for losses and/or expenses of whatsoever kind or nature (including, but no limited to, interest, court costs and counsel fees) and . . . all such losses and/or expenses which the Surety may sustain and incur: (1**) By reason of having executed or procured the execution of the Bonds: (2) By reason of the failure of the Contractor or Indemnitors to perform**

> **or comply with the covenants and conditions of this Agreement or (e) In enforcing any of the covenants and conditions of this Agreement**. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractors and the Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. . . . **In the event of any payment by the surety . . . the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, <u>or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.</u>**

(Exhibit A to the Motion for Summary Judgment) (emphasis added).

**Takeover–Paragraph 6**

> In the event of any breach, delay or default asserted by the obligee [the Govt.] in any said Bonds, or
>
> the Contractor has suspended or ceased work on any contract or contracts cover by a said Bonds, or
>
> failed to pay obligation incurred in connection therewith, . . .
>
> the Surety shall have the right at its option ...., to take possession of any part of all the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same and the Contractor and Indemnitors shall promptly upon demand pay to the Surety all losses and expenses so incurred.

**Settlement–Paragraph 13**

> **The Surety shall have the right to adjust, settle or compromise any claim, demand, ..or judgment upon the Bonds,** unless the Contractor and Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit or to appeal from such judgement and shall deposit with Surety at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

**Attorney in Fact–Paragraph 18**

> The Contractor and Indemnitors hereby irrevocably nominate...the Surety as their attorney-in-fact with the right...to exercise all of the rights of the Contractor and Indemnitors **assigned, transferred and set over to the Surety in this Agreement....**

Taken together, these provision demonstrate that Great American exercised its rights under the contract as seen in *American Motorist*. Great American had the unfettered right to complete the project as it saw fit, and there is ample, uncontroverted proof that it did so reasonably and with no bad faith involved. Indeed, defendants have not ever alleged bad faith as required under Fed. R. Civ. P. 9. in their pleadings.

> As stated in *Frontier Ins. Co. v. International, Inc.*, 124 F. Supp. 2d 1211 (N.D.Ala. 2000):

>> In response to Frontier's Motion for Summary Judgment, defendants contend that plaintiff did not pay the claims in good faith. As noted, indemnitors can defeat a surety's right to recover under indemnity provisions by demonstrating either fraud or lack of good faith on the part of the surety in discharging its obligations under the bond. *Fidelity and Deposit Co.,* 722 F.2d at 1163.[FN1] **In the suretyship context, lack of good faith "carries an implication of a dishonest purpose, a conscious doing of wrong, a breach of a duty through motives of self-interest or ill will."** *Elmore v. Morrison Assurance Co.,* **502 So.2d 378, 380 n. 1 (Ala.1987);** *see also United States Fidelity & Guar. Co. v. Feibus,* **15 F.Supp.2d 579, 585 (M.D.Pa.1998). Moreover, "a lack of diligence or negligence is not the equivalent of bad faith, indeed even gross negligence cannot support a finding of bad faith."** *Feibus,* **15 F.Supp.2d at 585;** *see also Engbrock,* **370 F.2d at 787;** *Able Green, Inc.,* 749 F.Supp. at 1103; *Safeco Ins. Co. v. Criterion Inv. Corp.,* 732 F.Supp. 834, 841 (E.D.Tenn.1989). "Conclusory allegations of bad faith are insufficient to defeat a motion for summary judgment in favor of a surety to enforce an indemnification agreement." *General Accident Ins. Co. of America v. Merritt-Meridian Const. Corp.,* 975 F.Supp. 511, 518 (S.D.N.Y.1997).

*Frontier Ins. Co. v. International, Inc,.* 124 F.Supp.2d 1211, 1214 (N.D.Ala. 2000) (emphasis added). There has been no specific allegation of bad faith, but more importantly, there is simply

no evidence of any kind adduced to demonstrate a genuine issue of material fact to that end. Thus, the Court finds that the motion is well taken. However, insofar as attorneys' fees are to be awarded, the proper amount thereof must be independently determined by the Court. Thus, the Court shall refer the issue of a determination of the amount of attorneys' fees to Magistrate Judge Jay Wilkinson for a proper determination thereof. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 197) is **GRANTED** and judgment shall be entered in favor of Great American Insurance Company and against McElwee Brothers, Inc. & Tri-State Design Construction Co., Inc. (A Joint Venture), McElwee Brothers, Inc., Melvin M.L. McElwee, Sr., Sylvia Hurst and Tri-State Design Construction Co., Inc. individually, jointly, severally and *in solido* in amount of $1,082,386.86 with judicial interest from the date of judicial demand plus federal legal interest from the entry of judgment.

The proper amount of costs to be awarded shall be determined by the Clerk of Court pursuant to L.R. 54. The proper amount of attorney fees to be awarded shall be determined by the Magistrate Judge Jay Wilkinson pursuant to 28 U.S.C. § 636(b)(1)(B).

New Orleans, Louisiana, this <u>19th</u> day of March, 2007.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**